IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-285-SLR |
| | ) | |
| THOMAS D. DONOVAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

I.  **INTRODUCTION**

Plaintiff Jonathon West is a pro se litigant who filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1, 2) The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

II. **STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the court must determine whether plaintiff is eligible for pauper status. On June 3, 2004, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 5)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review.  See Neal v. Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).  Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97,

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] As discussed below, plaintiff's claims have no arguable basis in law or fact. Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## III. DISCUSSION

Plaintiff claims that defendant Donovan, an attorney, misled him and caused him negligent infliction of emotional distress. As a result, plaintiff asserts his constitutional rights have been violated as well as any rights he may have under the "Federal Tort Claim." (D.I. 2) From plaintiff's conclusory allegations, it is difficult to determine the exact nature of his relationship to defendant. Plaintiff's identification, however, of defendant as an attorney practicing in Dover, Delaware[3] suggests that the suit involves defendant's representation of

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA"). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. See Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

[3] Thomas Daniel Donovan, Esquire, is a sole practitioner in Dover, Delaware.

plaintiff in a criminal proceeding.

Dismissal of this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) is appropriate because plaintiff has failed to state a claim under 42 U.S.C. § 1983. In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived plaintiff of his constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988). The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). A public defender may act "under color of state law" when performing administrative or other non-legal duties, but does not do so in the adversarial context of criminal representation. Dodson, 454 U.S. at 322, 325. Furthermore, the Third Circuit has held that court appointed attorneys are not state actors for purposes of § 1983. Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982) (considering whether private attorneys serving under court appointment and paid by the state are state actors and "reaffirm[ing] a long line of decisions of this court recognizing that private attorneys do not act under color of state law for purposes of § 1983."), rev'd on other grounds, D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364 (3d Cir. 1992) (en banc). In light of this authority, the court finds

4

plaintiff's complaint is frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## IV. CONCLUSION

At Wilmington this 17th day of November, 2005 for the reasons set forth above;

IT IS ORDERED that plaintiff's complaint (D.I. 2) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____
United States District Judge